U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| IN RE: | § § | Chapter 11 |
| REAL GRANITE, INC., <br>     Debtor. | § § § | Case No. 22-50050-cag |
| 6709 B LANE, LTD., <br>     Plaintiff | § § § | |
| V. | § § | Adv. Proc. No. 22-05005-cag |
| REAL GRANTE, INC. d/b/a ALAMO TILE & STONE and ROLAND MARTINEZ, GUARANTOR, <br>     Defendants, | § § § § § | |

**<u>PLAINTIFF 6709 B LANE, LTD'S MOTION TO ABSTAIN AND REMAND</u>**

Plaintiff 6709 B LANE, LTD. ("Movant") files this motion under 28 U.S.C. 1334(c)(2), 28 U.S.C. § 1334(c)(1) or 28 U.S.C. § 1452(b) as made applicable to Bankruptcy proceedings by Fed. R. Bankr. P. 9027 and Local Court Rule 9027.

**I. PRELIMINARY STATEMENT**

1. Debtor filed this bankruptcy on January 18, 2022 and its notice of removal of this case on January 19, 2022. A Texas state district court jury trial was set to commence on January 24, 2022, solely on the issue of damages as summary judgment in favor of Plaintiff had been granted on all other issues. The case was number one on the docket.

2. This motion is timely filed pursuant to L. Rule 9027.

**II. BACKGROUND**

A. **<u>State Court Suit</u>**

3. Plaintiff sued Real Granite, Inc. d/b/a Alamo Tile & Stone ("Debtor") for breach

1

of a Commercial Lease, and its owner Defendant Roland Martinez, Guarantor, under his Guaranty on July 23, 2019. The case is numbered and styled D-1-GN-19-004242, *6709 B Lane, Ltd. v. Real Granite, Inc. d/b/a Alamo Tile & Stone and Roland Martinez, Guarantor*, in the 419th Judicial District Court of Travis County, Texas ("State Court Suit"). Defendants filed their Original Answer on September 18, 2019.

4. The State Court Suit was fully developed and litigated. Plaintiff conducted one deposition. Defendants conducted three depositions. Defendants utilized multiple tactics for the purpose of delay and to protect the debtor's owner Roland Martinez.

5. On May 28, 2021, Judge Dustin M. Howell signed the Order granting Plaintiff summary judgment against both Defendants. Judge Howell ruled that Plaintiff have and recover from Debtor and Defendant Martinez, jointly and severally, its damages and attorney's fees for breach of the lease contract in amounts to be determined by a trier of fact. The defenses pled by Defendants were overruled related to liability in connection with the breach of contract claim. It was furthered ordered that Defendants take nothing on their causes of action against Plaintiff.

6. Plaintiff terminated the underlying Commercial Lease on September 15, 2021.

7. A jury trial on Plaintiff's damages and attorney's fees was set to commence before the Honorable Judge Clive Doty on January 24, 2022.

B. **Bankruptcy, Removal and Remand**

8. On January 18, 2022, Real Granite, Inc. filed a chapter 11 bankruptcy case. On January 19, 2022, Real Granite, Inc. removed the State Court Suit to bankruptcy court. The Notice of Removal asserts 28 U.S.C. § 1452 as the sole grounds for removal. (Adv. Doc. 1.)

### III. GROUNDS FOR ABSTENTION AND REMAND

9. It is inequitable, inefficient, and uneconomic to continue the suit in this forum. The dispute not only involves exclusively state law issues; it involves state law issues that have already been resolved by the state court, save only the amount of damages recoverable. The state court can simultaneously resolve the issues of the NON-DEBTOR guarantor's liability. When a party files bankruptcy, suits involving claims relating to the bankruptcy may be removed to the bankruptcy court. *See, e.g., Khan v. Hakim,* 201 Fed.Appx. 981, 982 (5th Cir.2006). However, once before the bankruptcy court, Congress has provided multiple avenues for a party to have the proceeding remanded to state court. Parties may petition for mandatory abstention under 28 U.S.C. § 1334(c)(2), permissive abstention under 28 U.S.C. § 1334(c)(1), or equitable remand under 28 U.S.C. § 1452(b). *See In re Mugica,* 362 B.R. 782, 790 (Bankr.S.D.Tex.2007)." *In re Houston Reg'l Sports Network, L.P.*, 514 B.R. 211, 214 (Bankr. S.D. Tex. 2014).

10. The court must abstain from hearing this action under 28 U.S.C. § 1334(c)(2) and it should be remanded pursuant to 28 U.S.C. § 1452(b).

A. **Mandatory Abstention as Grounds for Remand**

11. 28 U.S.C. 1334(c)(2), provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C.A. § 1334 (West).

"If the "related to" jurisdiction arises based entirely on State law, 1334(c)(2), requires, upon motion by a party, mandatory abstention by the district courts. 28 U.S.C. § 1334(c)(2)." *In re Mugica*, 362 B.R. 782, 788 (Bankr. S.D. Tex. 2007).

12. "Fifth Circuit courts determining whether mandatory abstention is appropriate have parsed this statute into a four part test: (1) the claims have no independent basis for federal jurisdiction other than § 1334(b); (2) the claims are non-core; (3) an action has been commenced in state court; and (4) the action can be timely adjudicated in state court." *In re Rupp & Bowman Co.,* 109 F.3d 237, 239 (5th Cir.1997); *see also In re Gober,* 100 F.3d 1195, 1206 (5th Cir.1996); *In re Mugica,* 362 B.R. 782 (Bankr.S.D.Tex.2007)." *In re Houston Reg'l Sports Network, L.P.*, 514 B.R. 211, 214 (Bankr. S.D. Tex. 2014).

13. The four part test of mandatory abstention are discussed as follows.

- *Is the action one that could not have been commenced in a court of the United States absent jurisdiction under 28 U.S.C. § 1334?* **Yes.** There are no federal causes of action alleged. Both Plaintiff's Petition and Defendants' Answer allege only state law causes of action.[1] On the face of the Plaintiff's Petition, both Plaintiff and Debtor are Texas companies and Defendant Martinez is a Texas resident, so there is no diversity jurisdiction.

- *Is the proceeding related to a case under title 11 but not arising under title 11 or arising in a case under title 11?* **Yes.** This is a non-core proceeding. Section 157(b) of Title 28 defines core[2] proceedings. 28 U.S.C. § 157(b). Generally, a

---

[1] *See* Plaintiff's First Amended Petition (Adv. Doc. 1, Exhibit A-6, beginning at page 50) and Defendants' Third Amended Answer, Counterclaim and Jury Demand (Adv. Doc. 1, Exhibit A-9, beginning at page 80).
[2] The term "core" originates from *Northern Pipeline Construction Co. v. Marathon Pipe Line Co. (In re Northern Pipeline Construction Co.)*, 458 U.S. 50 (1982), which held that the adjudication of state-created private rights is not at the core of the federal bankruptcy power. *Id*. at 71. Section 157 of Title 28 was enacted in response to *Marathon*.

4

non-core proceeding equates to a proceeding where the causes of action re merely "related to" a bankruptcy case, while core proceedings are those that "arise under" the bankruptcy code or "arise in" a bankruptcy case. *See Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987) (the phrases "arising under" and "arising in" are helpful indicators of the meaning of core proceedings). A proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case. *Id*. "If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an 'otherwise related' or non-core proceeding." *Id*.

There are no bankruptcy causes of action alleged herein, and this action, having been filed in state court, could (and did for 29 months and 27 days) exist outside of bankruptcy. Moreover, the causes of action alleged do not appear in any of the "laundry list" of core proceedings in 28 U.S.C. § 157(b)(2). This is a state court contractual dispute (breach of a Commercial Lease Agreement[3] and Guaranty Agreement). Such disputes are non-core proceedings. *See, e.g., Northern Pipeline Construction Co. v. Marathon Pipe Line Co. (In re Northern Pipeline Construction Co.)*, 458 U.S. 50, 71 (1982) ("But the restructuring of

---

With the enactment of the statutory bankruptcy jurisdiction scheme, Congress did not intend to contravene *Marathon*. *Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1102 (2d Cir. 1993).

[3] The Commercial Lease is not property of the estate. Plaintiff terminated the Commercial Lease on September 15, 2021.

5

debtor- creditor relations, which is at the core of the federal bankruptcy power, must be distinguished from the adjudication of state-created private rights, such as the right to recover contract damages that is at issue in this case."); *Wood*, 825 F.2d at 97 (simply a state contract action that, had there been no bankruptcy, could have proceeded in state court); *Beitel v. OCA, Inc. (In re OCA, Inc.)*, 551 F.3d 359, 368 (5th Cir. 2008) (Debtor sued third party for breach of contract; held: non-core; "As in *In re Wood*, the instant claim is 'not based on any right created by the federal bankruptcy law,' but instead is 'simply a state contract action that, had there been no bankruptcy, could have proceeded in state court.'"); *Enron Power Mktg. v. City of Santa Clara (In re Enron Power Mktg.)*, 2003 U.S. Dist. LEXIS 189, 30- 31 (S.D.N.Y. Jan. 8, 2003) (action for post-petition breach of pre-petition contract not a core proceeding); *Tultex Corp. v. Freeze Kids, L.L.C.*, 252 B.R. 32, 38 n.8 (S.D.N.Y. 2000) (pre-petition breach of contract claim is not a core proceeding when the defendant has not yet filed a proof of claim).

- *Was the action commenced in a State forum of appropriate jurisdiction?* **Yes.** The action was initiated in state court by Plaintiff on July 23, 2019.

- *Can the action be timely adjudicated in a State forum of appropriate jurisdiction?* **Yes.** Nothing in the record suggests this action could not be timely litigated in state court given that the case is ripe for trial and a jury trial was scheduled to begin five days before the case was removed to the bankruptcy court. Prior to removal, on May 28, 2021, Travis County District Court Judge Dustin M. Howell signed an Order granting Plaintiff summary judgment against

6

both Defendants.[4] It was ordered that Plaintiff have and recover from Defendant Real Granite, Inc. and Defendant Martinez, jointly and severally, its damages and attorney's fees for breach of the lease contract in amounts to be determined by a trier of fact. The defenses pled by Defendants were overruled related to liability in connection with the breach of contract claim. It was furthered ordered that Defendants take nothing on their causes of action against Plaintiff. A jury trial on Plaintiff's damages and attorney's fees was scheduled to commence January 24, 2022. The case was assigned to the 455th Judicial District Court of Travis County. A pre-trial hearing was scheduled for January 24, 2022 at 9:00 a.m. Voir dire was scheduled to begin January 25, 2022. After Debtor filed its bankruptcy and before removal, Plaintiff notified the Court that it intended to proceed to trial against Mr. Martinez. This case can be re-set immediately and heard within a short period of time. **Because the debtor no longer occupies the premises, the adjudication of this case will not affect the operation of the debtor's business.**

B. **Permissive (or Discretionary) Abstention as Grounds for Remand**.

14. "In the event that the District Court finds that mandatory abstention is not required, th[e] Court will evaluate whether it should exercise its discretion to abstain from the proceeding. Section 1334(c)(1) provides:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

---

[4] *See* Order Granting Plaintiff's First Amended Traditional and No Evidence Motion for Summary Judgment (Adv. Doc. 1, Exhibit A-10, pages 33-34).

7

28 U.S.C. § 1334(c)(1). Thus, although the Court may not be required to abstain from a proceeding, **"it may discretionarily decline to hear the proceeding under § 1334(c)(1)."** *In re Hous. Reg'l Sports Network, L.P.*, 514 B.R. 211, 215 (Bankr. S.D. Tex. 2014)." *In re Chapman*, No. 18-70101, 2018 WL 4620719, at *6 (Bankr. S.D. Tex. June 8, 2018).

15. "The Court, in its discretion, may abstain from hearing cases under 28 U.S.C. § 1334(c)(1). *E.g.*, *Rohi v. Brewer & Pritchard*, 2019 WL 6894775, No. H-19-0682, at *9 (S.D. Tex. Dec. 17, 2019). The Court may also remand a proceeding on any equitable ground. 28 U.S.C. § 1334(c)(1); *see In re Gober*, 100 F.3d 1195 (5th Cir. 1996); *In re Wood*, 825 F.2d 90 (5th Cir. 1987). Courts in the Fifth Circuit primarily look toward fourteen factors to determine whether abstention and remand are appropriate. *In re Houston Reg'l Sports Network, L.P.*, 514 B.R. 211, 215 (Bankr. S.D. Tex 2014)." *In re Hassell*, No. 19-30694, 2020 WL 728890, at *2–3 (Bankr. S.D. Tex. Jan. 7, 2020).

16. The factors are with analysis below.

- *The effect or lack thereof on the efficient administration of the estate if remand or abstention occurs.* The litigation must be resolved in one court or another. It is more efficient to proceed in state courts where all evidence and factual matters have been fully developed, than to begin anew in this court.

- *The extent to which state law issues predominate over bankruptcy issues.* State law issues are the only issues in dispute.

- *The difficulty or unsettled nature of applicable law.* The law in this proceeding is not complex or specialized. State courts always handle contract disputes. The only issue to decide is the issue of damages and whether plaintiff has mitigated the damages.

8

- *The presence of related proceedings commenced in state court.* There are none but as noted above. Debtor answered in state court on September 18, 2019, and subsequently filed bankruptcy on the eve of trial.

- *The jurisdictional basis of the claims, other than § 1334.* There is no jurisdictional basis other than section 1334.

- *The degree of relatedness or remoteness of the proceeding to the main bankruptcy case.* There is little, if any, activity in the bankruptcy case other than this litigation.

- *The substance, rather than the form, of an asserted core proceeding.* The substance of the proceeding is strictly state law claims that are non-core.

- *The feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court.* There are no core bankruptcy matters in the litigation to sever.

- *The burden on the bankruptcy court's docket.* This is unknown.

- *The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping.* The State Court Suit has been pending for over 29 months. Following repeated threats to do so if Plaintiff insisted upon going to trial, Debtor filed bankruptcy on the eve of a jury trial after case was assigned to a Judge solely to deprive Plaintiff of the benefits of two years of case development and resolution.

- *The existence of a right to a jury trial.* A jury has been demanded by Debtor in the State Court Suit. Plaintiff does not consent to a jury trial in the bankruptcy court.

- *The presence of non-debtor parties in the proceeding.* Roland Martinez, Guarantor, is a non-debtor party to the proceeding. Mr. Martinez is identified as president, 100%

9

owner, and a co-debtor of Real Granite, Inc. in the Voluntary Petition (Bankruptcy Doc. 1).

- *Comity*. There are no novel issues of state law.

- *The possible prejudice to other parties in the proceeding.* The sole party prejudiced by this proceeding is the Plaintiff.

## IV. PRAYER

Wherefore, Movant prays that the court abstain from hearing this case and that the action be remanded to state court, and for all other relief to which Movant shows itself justly entitled.

Dated: February 1, 2022.

                                                            Respectfully submitted,

                                                            THE DEITCH LAW OFFICES
                                                            800 Rio Grande
                                                            Austin, Texas 78701
                                                            512/ 474-1554
                                                            512/ 474-1579 (fax)
                                                            mike@deitchlaw.com (e-mail)

                                                            By: */s/ Michael Deitch*
                                                                   MICHAEL DEITCH
                                                                   State Bar Number 05644550

                                                            **COUNSEL FOR MOVANT/ PLAINTIFF 6709 B LANE, LTD**.

## CERTIFICATE OF SERVICE

       The undersigned certifies that on February 1, 2022, a true and correct copy of the foregoing document was electronically filed with the Court and served through the CM-ECF system to all counsel of record registered to receive a Notice of Electronic Filing for this case, and on the below parties via email:

William R. Davis, Jr.
wrdavis@langleybanack.com
Davis S. Gragg
dgragg@langleybanack.com
LANGLEY & BANACK, INC.
745 E. Mulberry Ave., Suite 700
San Antonio, Texas 78212

                                              */s/ Michael Deitch*
                                              MICHAEL DEITCH